

FILED
APR 0 2 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

# UNITED STATES DISTRICT COURT
Southern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Justin Qiu | ) | Case Number: 3:08CR30230-002-JPG |
| | ) | USM Number: 07494-025 |
| | ) | Sanford J. Boxerman |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 3 and 4 of the Information.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 371 and 2 | Conspiracy to Defraud the United States | 4/30/2006 | 1 |

The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/31/2009
Date of Imposition of Judgment

_Signature of Judge_

J. Phil Gilbert                           District Judge
Name of Judge                          Title of Judge

April 2, 2009
Date

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1A

DEFENDANT: Justin Qiu
CASE NUMBER: 3:08CR30230-002-JPG

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. 7201 | Tax Evasion | 4/15/2006 | 3 |
| 8 U.S.C.1324(a)(1)(A)vI | Conspiracy to harbor Illegal Aliens | 1/31/2007 | 4 |

DEFENDANT: Justin Qiu
CASE NUMBER: 3:08CR30230-002-JPG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

-0-

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Justin Qiu
CASE NUMBER: 3:08CR30230-002-JPG

Judgment—Page 4 of 11

# PROBATION

The defendant is hereby sentenced to probation for a term of:

5 years on Counts 1, 3 and 4 of the Information.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Justin Qiu
CASE NUMBER: 3:08CR30230-002-JPG

# SPECIAL CONDITIONS OF SUPERVISION

X The defendant shall spend 10 week-ends in County jail.

X The defendant shall not gamble or enter any facility where gambling is the primary business. The defendant shall sign a "self exclusion" form with one gaming facility in the state of residence and any adjoining states where legalized gambling is permitted. This form is a voluntary agreement to be temporarily banned from the facilities and the agreement is irrevocable during the period of probation.

X The defendant shall participate as directed and approved by the probation o9fficer in treatment for gambling addiction, which may include participation in a treatment facility and/or a gambling anonymous program. The defendant shall pay for the costs associated with treatment as directed and approved by the probation officer.

X As there is no indication of any substance abuse history, the drug testing requirements are waived.

X The defendant shall cooperate with the Internal revenue Service to pay all outstanding taxes, interest, and penalties. In addition, the defendant shall comply with the Internal Revenue Service regulations on all future income tax filings.

X The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commence of the term of probation Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $410.00 or ten percent of his net monthly income, whichever is greater, to commence 30 days after entry of judgment until paid in full.
X Any currency seized during the search warrant, will be applied towards the defendant's financial obligations.

X The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

X The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
          Sheet 4C — Probation

DEFENDANT: Justin Qiu
CASE NUMBER: 3:08CR30230-002-JPG

Judgment—Page 5 of 11

DEFENDANT: Justin Qiu  
CASE NUMBER: 3:08CR30230-002-JPG

Judgment — Page 6 of 11

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 10,000.00 | $ 16,310.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Internal Revenue Service | $16,310.00 | $16,310.00 | |
| **TOTALS** | $ 16,310.00 | $ 16,310.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☑ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Justin Qiu
CASE NUMBER: 3:08CR30230-002-JPG

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 26,610.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

X The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commence of the term of probation Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $410.00 or ten percent of his net monthly income, whichever is greater, to commence 30 days after entry of judgment until paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached order

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 08-30230-JPG |
| | ) | |
| JUSTIN QIU, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL ORDER FOR FORFEITURE PURSUANT TO
## FED.R.CRIM.P 32.2 WITH RESPECT TO JUSTIN QIU

Pursuant to the Plea Agreement entered in this cause on October 28, 2008, Defendant JUSTIN QIU agreed that the sum of $90,000.00 in United States Funds is forfeitable as proceeds of the offenses described in Counts 4 and 5 of the Information, and said Defendant further agreed that a monetary judgment in the amount of $90,000.00 would be entered against him. Said Plea Agreement further provides that said judgment would be deemed satisfied if the sum of $45,000.00 was paid prior to June 1, 2008, to the United States Marshal. A monetary forfeiture judgment in the amount of $90,000.00 is therefore hereby entered in favor of the United States and against Defendant Justin Qiu.

The parties inform the Court that the Internal Revenue Service is currently holding $145,654.00 which it seized from the Defendant on January 23, 2007. The parties agree, and the Court so orders, that from this sum, $45,000.00 shall be used to satisfy the forfeiture judgment, shall be applied by the Treasury Department through the Internal Revenue Service as forfeited funds, and shall be distributed pursuant to law as forfeited assets.

The parties agree, and the Court so orders, that the monetary forfeiture judgment of $90,000.00 is hereby deemed satisfied in full by the distribution of said $45,000.00 portion as forfeited funds, notwithstanding the June 1, 2008, deadline described in the Plea Agreement. The Court further finds that because the money to be forfeited is being used to satisfy a monetary judgment, there is no need or requirement for the United States to publish notice of the forfeiture or to provide third-parties an opportunity to file petitions to claim any of the funds.

With respect to the $100,654.00 remaining from the $145,654.00 after the forfeiture of the $45,000.00, the Internal Revenue Service shall transfer said funds to Sanford J. Boxerman, attorney for the Defendant, who shall place said funds in his trust account. Said attorney shall use said funds to pay any financial penalties imposed by the Court immediately and to satisfy any and all indebtedness owed by Defendant to the United States Internal Revenue Service for any and all taxes currently outstanding, including, but not limited to, principal, interest, and penalties. Should there be any funds remaining after the payment of said indebtedness to the United States Internal Revenue Service, said funds may be released directly to Defendant for his own use.

Approved by:

_____
JUSTIN QIU
Defendant

_____
SANFORD J. BOXERMAN
Attorney for Defendant

DATED: __3/31/09__.

_____
J. PHIL GILBERT
United States District Court Judge

2